


**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Benjamin M. Block*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4979*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*
*TTY/TDD: 410-962-4462*
*Benjamin.Block@usdoj.gov*

January 14, 2011

Patrick Kent, Esq.
Assistant Federal Public Defender
Federal Public Defender's Office
100 South Charles Street
Baltimore, MD 21201-2724

Re:   United States v. Edward Sample
      Crim. No. RDB-10-0477

Dear Mr. Kent:

      This letter, together with the Sealed Supplement, confirms the plea agreement that has been offered to the Defendant, Edward Sample, by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **January 21, 2011**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

      1.    The Defendant agrees to plead guilty to the Counts Two and Three of the Indictment now pending against him, in which he is charged, respectively, with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), and Possessing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offense

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

### Count Two

      On or about October 20, 2009, in the District of Maryland,



a.   The Defendant obtained property from another without that person's consent; and

b.   The Defendant did so by wrongful use of actual or threatened force, violence, or fear; and

c.   As a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in some way or degree.

## Count Three

On or about October 20, 2009, in the District of Maryland,

a.   The Defendant committed a crime of violence, specifically Interference with Commerce by Robbery, as charged in Count Two of the Indictment, for which he might be prosecuted in a court of the United States; and

b.   The Defendant, in furtherance of the crime of violence charged in Count Two of the Indictment, knowingly possessed a firearm.

## Penalties

3.   The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: Count Two: twenty (20) years imprisonment; a $250,000 fine; and a period of supervised release of up to three (3) years; Count Three: life imprisonment (with a five year mandatory minimum term of imprisonment consecutive to any other term of imprisonment imposed); a $250,000 fine; and a period of supervised release of up to five (5) years. In addition, the Defendant must pay $100 for each count of conviction as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked – even on the last day of the term – and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed that would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind related to his guilt or innocence, and the Court will find the Defendant guilty.

3

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

6.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.      On or about October 20, 2009, at approximately 4:15 p.m., the Defendant, Edward Sample, entered York Liquors in Towson, Maryland, in possession of a loaded revolver and with the intent to commit a robbery. After feigning interest in purchasing a 22 ounce can of "Steel Reserve" malt liquor, the Defendant demanded that the clerk hand over the money in the store's register. The clerk emptied the store's two registers and gave the money to the Defendant, then lay down on the floor behind the counter. The Defendant then left the store. The money stolen from the store included proceeds from the sale of goods that traveled in interstate commerce.

The Defendant's fingerprint was found on the can of "Steel Reserve" malt liquor that he left on the counter and his image was captured on the store's security camera. During the robbery, the Defendant wore a distinctive, maroon Aeropostale sweatshirt, which he was wearing when he was arrested several months later. The Defendant subsequently confessed to the robbery in a post-*Miranda* interview with members of the Baltimore County Police Department. The firearm was never recovered.

Subsequently, on January 5, 2010, the Defendant robbed Grace's Grocery and Deli in Baltimore, Maryland, with two co-conspirators. During the robbery, the Defendant was captured on a security camera wearing a blue and white striped polo shirt and a green jacket. These articles of clothing were recovered during the execution of a search warrant of an apartment where the Defendant lived. During this robbery, one of the Defendant's co-conspirators possessed a Walther .32 caliber pistol, model PP, with serial number 102770P. This gun was recovered from the apartment where the Defendant lived after the Defendant in a post-*Miranda* statement informed police officers of the gun's location. The Defendant confessed to participating in this robbery in a post-*Miranda* interview with members of the Baltimore County Police Department. The money stolen from the store included proceeds from the sale of goods that traveled in interstate commerce.

4

Finally, on January 19, 2010, the Defendant again robbed York Liquors in Towson, Maryland, this time with a co-conspirator. The Defendant's co-conspirator possessed the same Walther .32 caliber pistol used in the robbery of Grace's Grocery and Deli, and placed the gun to the head of one store clerk while demanding money. During the January 19 robbery, the Defendant wore the same maroon Aeropostale sweatshirt that he wore during the previous robbery and in which he was subsequently arrested. The Defendant also played an active role in the January 19 robbery, ordering a second store clerk to open a different register and taking the money removed from the register by the second clerk. The Defendant's image was captured on the store's security video and the Defendant confessed to participating in this robbery in a post-*Miranda* interview conducted by the Baltimore County Police Department. The money stolen from the store included proceeds from the sale of goods that traveled in interstate commerce.

b.      The parties stipulate and agree that the **base offense level for Count Two is at least 20** pursuant to U.S.S.G. § 2B3.1(a). Pursuant to U.S.S.G. § 1B1.2, the base offense level for Count Two is subject to a multiple counts adjustment based on the offense conduct admitted to by the Defendant in Paragraph 6(a), *supra*. Pursuant to U.S.S.G. § 2B3.1(b)(2)(C), the January 5 and January 19, 2010 robberies each carry a base offense level of 25. Under U.S.S.G. § 3D1.4, therefore, **the combined offense level is at least 28.**

The parties further stipulate and agree that the guidelines sentence for Count Three, Possessing a Firearm in Furtherance of a Crime of Violence, is sixty (60) months, pursuant to U.S.S.G. § 2K2.4(b) and 18 U.S.C. § 924(c)(1)(A)(i). The Defendant understands that the sentence imposed for this offense must run consecutively to any other sentence imposed by the Court for any other offense.

c.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Based on the foregoing, **the adjusted combined offense level as to Counts Two and Three would be at least 25, plus five years.**

7.      A pre-plea criminal history report prepared by the United States Probation Office calculated the Defendant to have a criminal history category of Category V. This Office and the Defendant stipulate and agree, pursuant to U.S.S.G § 4A1.3(b)(1), that a criminal history category of Category V substantially over-represents the serious of the Defendant's criminal history and that a downward departure for sentencing purposes to Category IV is appropriate.

8.      This Office and the Defendant agree that with respect to the calculation of criminal history and advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

Forfeiture

9.      The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm. He forfeits all rights, title, and interest in the following firearm and ammunition:

one Walther .32 caliber pistol, model PP, with serial number 102770P, and ammunition.

Plea Pursuant to Rule 11(c)(1)(C)

10.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 180 months imprisonment in the custody of the Bureau of Prisons is the appropriate sentence in this case (that is, 120 months imprisonment on Count Two and 60 months imprisonment, consecutive, on Count Three). This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

11.     At the time of sentencing, this Office will recommend a sentence of 180 months of imprisonment and restitution in the amount of $3,329.00, jointly and severally liable between the co-defendants charged in this matter. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

12.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

Waiver of Appeal

13.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to

6

impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds an aggregate 180 months imprisonment; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below an aggregate 180 months imprisonment.

        c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Court Not a Party

14.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

## Restitution

15.     The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

## Obstruction or Other Violations of Law

16.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (a) engages in conduct after the date of this agreement that would justify a finding of

obstruction of justice under U.S.S.G. § 3C1.1; (b) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report; or (c) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the . Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Entire Agreement

17. This agreement, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Benjamin M. Block
Assistant United States Attorney

8

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

X  *1-19-11*
Date

*E. Sample*
Edward Sample

I am Edward Sample's attorney.  I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him.  He advises me that he understands and accepts its terms.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

*1 - 1 9 - 1 1*
Date

Patrick Kent, Esquire

9